IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Maxwell Muff, *et al.*, :

    Plaintiffs : Civil Action 2:08-cv-1027

v. : Judge Sargus

Terry Collins, *et al.*, : Magistrate Judge Abel

    Defendants :

## ORDER

Plaintiffs Maxwell Muff, Danny Thompson, Edward Hardy, Robert McKenzie, Jack Frederick, Glenn Gulley, William Fields, Robert Hillman, Eddie Mack, Cameron Mack, Roy Shadoan, Matthew Sprauer, Robby Holt, Gary Greenwald, David Hopkins, Dale Waugh, Eric Swanson, and Chad Day, inmates at Chillicothe Correctional Institution, brought this prisoner civil rights action under 42 U.S.C. §1983 alleging that defendants' implementation of a tobacco free policy violated their rights under the Eighth Amendment, Fourteenth Amendment, and Ohio law. This matter is before the Court on plaintiffs' November 17, 2008 objections to Magistrate Judge Abel's November 10, 2008 Report and Recommendation on Initial Screening that the complaint should be dismissed because it fails to state a claim for relief.

The complaint alleges that in February 2007 the Ohio Department of Rehabilitation and Correction formed a committee to review the department's smoking policy and to determine whether all tobacco products should be banned from DRC

facilities. The committee recommended a tobacco free policy, and on September 15, 2008 Director Terry Collins approved the recommendation that ODRC adopt a tobacco free policy in all facilities effective March 1, 2009. Director Collins' September 15, 2008 directive states that after considering the legal, medical and economic implications of a total tobacco ban, the Department adopted a tobacco free policy in all ODRC facilities. The directive further states that the Department "is striving to provide a healthier smoke-free environment for its staff and offenders." The Department of Rehabilitation and Correction Policy and Procedure number 10-SAF-01, Pt. VI(A) states that "smoking shall be prohibited in all buildings, offices and other enclosed areas of the Department of Rehabilitation and Correction (ODRC)." Smoking is permitted "only in designated outdoor areas of institutions, as approved by the Managing Officer. . . . Inmates, employees and independent contractors shall be permitted to smoke in the designated areas." *Id.*, Pt. VI(E). The complaint alleges that the tobacco free policy violates plaintiffs' rights under the Eighth Amendment, Fourteenth Amendment, and Ohio law. The complaint pleads two federal causes of action: (1) plaintiff's will be subjected to cruel and unusual punishment when they are deprived of cigarettes and other tobacco products and (2) the ban on tobacco will deprive them of the due process and equal protection of the laws. The complaint also pleads two state law claims: (1) defendants exceeded their authority when they adopted the no smoking policy and (2) the notification of and implementation of the no smoking policy failed to comply with Ohio law.

2

The Report and Recommendation found that:

> Although the Sixth Circuit has not considered whether a prison's smoking ban violates inmates' rights under the Eighth and Fourteenth Amendments, other courts who have considered similar complaints have concluded that smoking bans are constitutional. *See Webber v. Crabtree*, 158 F.3d 460 (9th Cir. 1998)(concluding that the smoking ban imposed at federal prison camp did not implicate fundamental right and was rationally related to Bureau of Prisons' legitimate objective of protecting health and safety of inmates and staff by providing clean air environment, and thus did not violate equal protection rights of camp inmates who claimed that inmates in federal correctional institutions were permitted to use tobacco) and *Reynolds v. Bucks*, 833 F. Supp. 518, 520 (E.D. Pa. 1993) (find that prison smoking ban does not violate Eighth Amendment given widely recognized health hazards associated with cigarettes and given need to protect prison equipment from smoke damage).

November 10, 2008 Report and Recommendation, at pp. 3-4. Because the complaint fails to state any federal claim for relief, the Report and Recommendation recommended that the Ohio law claims be dismissed without prejudice. In their objections, plaintiffs argue that the Chillicothe Correctional Institution is their home, not a public place. They assert that they are addicted to nicotine and will suffer painful and distressing withdrawal symptoms if the ban is implemented.

Plaintiffs cite no case law directly supporting their claims, and the Court can find none. As one court said, there are "an avalanche of cases in which federal courts have rejected constitutional challenges to smoking restrictions and prisons." *Thiel v. Nelson*, 422 F.Supp. 2d 1024, 1029 (W.D. Wisconsin 2006) (citations omitted). The reported case law unanimously holds that inmates have no constitutional right to smoke in prison. *E.g., Mauchlin v. Hood*, 167 Fed. App. 735 (10th Cir. February 10, 2006); *Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998); *Beauchamp v. Sullivan*, 21 F.3d 789, 790-91

3

(1994); *Grass v. Sargent*, 903 F.2d 1206 (8th Cir. 1990).

In addition to holding that inmates have no constitutional right to smoke in prison, the cases further hold that inmates have no liberty interest in smoking that entitles them to due process protections when a smoking ban is imposed. *E.g., Westberg v. Russell*, 2008 WL 205208 (W. D. Mich. January 23, 2008); *Norton v. Romanowsky*, 2007 WL 2984076 (E.D. Mich. October 12, 2007); *Thiel v. Nelson*, 422 F.Supp. 2d at 1030 (W.D. Wisc. 2006). Nor are inmates denied the equal protection of the laws because they cannot smoke in their cells but non-incarcerated people can smoke in their homes, prison guards have greater smoking privileges than they do, or inmates housed in other prisons are permitted to smoke. *E.g., Webber v. Crabtree*, 158 F.3d at 461; *Thiel v. Nelson*, 422 F.Supp. 2d at 1030; *Borzych v. Litscher*, 2002 WL 3250066 (W.D. Wisc. March 14, 2002).

Plaintiffs' objections to the Report in Recommendation focus on their cruel and unusual punishment claim. The complaint alleges that plaintiffs will be denied their right to be free from cruel and unusual punishment because the smoking ban will cause physical and psychological ramifications. It further alleges that implementation of the no smoking ban will make the prison a more violent place.

Although the case law does not rule out the possibility "that the sudden withdrawal of an addictive substance like tobacco might be employed as a form of torture by police or guards," *Beauchamp v. Sullivan*, 21 F.3d at 790, ODRC has not suddenly withdrawn tobacco products from inmates with the purpose of injuring them.

4

Instead, a committee studied the problem of tobacco use in the prisons, the committee made recommendations to the Director, and he adopted those recommendations. The ban on the use of tobacco products in the prisons was not immediate. Prison inmates, employees and visitors were given more than 5 months notice of the smoking ban. The Department is also offering smoking cessation classes to its employees and inmates.

The Eighth Amendment requires prison officials "to provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The denial of adequate food, clothing, shelter or medical care may constitute a deprivation of the Eighth Amendment right to be free from cruel and unusual punishments. *Id.* To establish an Eighth Amendment claim plaintiffs must prove: (1) a serious deprivation that results in the denial "of the minimal civilized measures of life's necessities," *Farmer*, 511 U.S. at 834 and (2) that defendants acted with deliberate difference to plaintiffs' health or safety. *Id.; Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006). Assuming the facts pleaded in the complaint to be true, plaintiffs can establish neither element of an Eighth Amendment claim.

The complaint hypothesizes that plaintiffs and other inmates who are addicted to nicotine will be irritable and stressed if they cannot smoke inside the prison. Those fears are not the kind of concrete, specific deprivations of life's necessities that are encompassed by the Eighth Amendment. As the court said in *Adams v. Mosley*, 2008 WL 4369246 (M. D. Ala. September 25, 2008): "Smoking is not a basic human need. Tobacco is a known carcinogen and provides no known health benefits to the user." A smoking

5

ban "does not deprive inmates of a ' minimal civilized measure of life's necessities.'" *Grass v. Sargent*, 903 F.2d at 1206. Given the fact that more and more office buildings, stores, restaurants, and public accommodations prohibit smoking , it cannot be said that a smoking ban conflicts with society's standards of decency." *Reynolds v. Bucks* , 833 F.Supp. 518, 520 (E.D. Pa. 1993 ). The complaint also pleads no facts which, if proven, would establish that defendants acted with deliberate indifference to cause plaintiff's injury. Acknowledging that some inmates may find the deprivation of nicotine painful, there is no allegation that defendants deprived them of nicotine unnecessarily or wantonly. *Id.* Finally, this suit is anticipatory. Since ODRC has made available smoking cessation classes, the harm plaintiffs anticipate may not be realized. If an inmate does experience physical or emotional symptoms that rise to the level of serious medical needs, there is no reason to assume that prison officials will deprive him of needed medical treatment thus "unnecessarily and wantonly inflicting pain" in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976),

The complaint also alleges several Ohio law claims. Since the federal claims are not actionable, the Court will dismiss plaintiffs' Ohio law claims without prejudice.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation.

6

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendants. This action is hereby **DISMISSED.**

                                             /s/    1-28-2009
                                         Edmund A. Sargus, Jr.
                                         United States District Judge